# United States District Court

## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **CRIMINAL COMPLAINT** |
| JOSHUA SHANE DUFFY | CASE NUMBER: 1:16-mj-776 |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. The Defendant, **Joshua Shane Duffy**, has committed the following offenses in the Southern District of Indiana and elsewhere:

**Count 1**: On or about June 11, 2016, the Defendant knowingly enticed or coerced Minor Victim 1 to engage in sexually explicit conduct for the purpose of producing a video, in violation of 18 U.S.C. § 2251(a).

**Count 2**: Between in or about June, 2016 and on or about June 11, 2016, the Defendant knowingly persuaded and enticed Minor Victim 1 to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b).

**Count 3**: In or about August, 2016, the Defendant knowingly persuaded and enticed Minor Victim 2 to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b).

**Count 4**: On or about June 11, 2016, the Defendant knowingly received multiple visual depictions of a Minor Victim 1 engaging in sexually explicit conduct, in violation of 18.U.S.C. § 2252(a)(2).

**Count 5**: On or about June 11, 2016, the Defendant knowingly possessed a cellular telephone containing a visual depiction of Minor Victim 1 engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).

I further state that I am a Special Agent, and that this complaint is based on the following facts:

### SEE ATTACHED AFFIDAVIT

**Continued on the attached sheet and made a part hereof.**

_____
TFO Darin Odier, FBI

**Sworn to before me, and subscribed in my presence**

November 2, 2016                                      at   Indianapolis, Indiana
**Date**

Mark J. Dinsmore, U.S. Magistrate Judge                       _____
**Name and Title of Judicial Officer**                        **Signature of Judicial Officer**

## AFFIDAVIT

I, Darin Odier, hereby depose and state as follows:

1. **Affiant**: I am a Detective in the Cybercrime Unit of the Indianapolis Metropolitan Police Department. I am also a cross designated Task Force officer assigned to the FBI the Indianapolis Violent Crimes Against Children Task Force.

2. **Experience**: I have over 25 years of law enforcement experience. I have investigated State and Federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have written numerous search warrants involving internet crimes against children cases and participated in their execution.

3. **Training**: I have attended the National Crimes Against Children Conference multiple times and attended numerous classes related to investigating the online sexual exploitation of children. I am also a member of the Indiana Internet Crimes Against Children Task Force, which includes numerous federal, state and local law enforcement agencies. I am currently assigned to operate in an undercover capacity on the Internet to identify and investigate persons attempting to exploit or solicit sexual acts with children or trafficking in child pornography. As a Task Force Officer, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

4. **Information provided**: The statements in this affidavit are based on information obtained from my observations and communications, as well as

information learned from other law enforcement officers and witnesses. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, the affiant has not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the listed offenses.

5. **Probable Cause:** For the reasons listed below, there is probable cause to believe that **Joshua Shane Duffy** (the "Defendant") has committed the following offenses in the Southern District of Indiana and elsewhere:

6. **Count 1**: On or about June 11, 2016, the Defendant knowingly enticed or coerced Minor Victim 1 to engage in sexually explicit conduct for the purpose of producing a video of that conduct, in violation of 18 U.S.C. § 2251(a).

7. **Count 2**: Between in or about June, 2016 and on or about June 11, 2016, the Defendant knowingly persuaded and enticed Minor Victim 1 to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b).

8. **Count 3**: In or about August, 2016, the Defendant knowingly persuaded and enticed Minor Victim 2 to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b).

9. **Count 4**: On or about June 11, 2016, the Defendant knowingly received multiple visual depictions of a Minor Victim 1 engaging in sexually explicit conduct, in violation of 18.U.S.C. § 2252(a)(2).

10. **Count 5**: On or about June 11, 2016, the Defendant knowingly possessed a cellular telephone containing a visual depiction of Minor Victim 1 engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).

11. **Interstate or Foreign Commerce**: The affiant knows that the email and social networking accounts listed below are facilities of interstate or foreign commerce. Also, engaging in the listed activity through these accounts is in or affecting interstate or foreign commerce. Finally, the cellular phone system is a facility of interstate or foreign commerce, and the phones used to access such system are manufactured outside the state of Indiana.

12. **Sexual Exploitation of a Child (18 U.S.C. § 2251(a))**: This statute provides that "Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by

computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed. It is also a crime to attempt to sexually exploit a child. 18 U.S.C. § 2251(e).

13. **Coercion and Enticement (18 U.S.C. § 2422(b))**: This statute provides that "Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life." This statute incorporates both state and federal law in determining whether the underlying sexual activity is a criminal offense, including federal law prohibiting the sexual exploitation of a child, and attempts to do so (18 U.S.C. § 2251(a) and Indiana law prohibiting sexual misconduct with a minor (35-42-4-9).

14. **Sexual Misconduct with a Minor (Indiana Code 35-42-4-9)**: This statute prohibits including sexual intercourse, other sexual conduct, and / or touching or fondling with the intent to arouse or satisfy sexual desires, between a person who is at least 18 years of age and a child who is 14 or 15 years old.

15. **Child Pornography Trafficking (18 U.S.C. § 2252)**: This investigation also concerns alleged violations of 18 U.S.C. § 2252, which prohibits a person from knowingly transporting, shipping, receiving,

distributing, reproducing for distribution, or possessing any visual depiction of minors engaging in sexually explicit conduct when such visual depiction was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce.

16.  **Child Pornography Trafficking (18 U.S.C. § 2252A):** This investigation also concerns alleged violations 18 U.S.C. § 2252A, which prohibits a person from knowingly mailing, transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any child pornography, as defined in 18 U.S.C. § 2256(8), when such child pornography was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such child pornography was produced using materials that had traveled in interstate or foreign commerce.

17.  **Definitions**: The following definitions apply to this Affidavit:

18.  "Child Pornography" means any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct. *See* 18 U.S.C. § 2256.

19. "Minor" means any person under the age of eighteen years. *See* 18 U.S.C. § 2256(1).

20. "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. *See* 18 U.S.C. § 2256(2).

21. "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. *See* 18 U.S.C. § 2256(5).

22. **Google** is a multinational technology company specializing in Internet-related services and products that include online advertising technologies, email, search, cloud computing, and software.

23. **Snapchat, Instagram, Kik** and **Whisper** are social media applications (application) in which users can engage in 1 to 1, or micro-social networking. This includes the ability to text and/or send and receive images and videos within the application.

**Presentence Investigation and Overview of Specific Probable Cause:**

24. **Minor Victim 1**: On June 11, 2016, a complainant whose identity is known to this affiant contacted law enforcement in the Southern District of Indiana. The complainant is the mother of Minor Victim 1, who was then 15-years old.

25. The complainant stated that she found a video on Minor Victim 1's cell phone showing an adult male engaged in sexually explicit conduct with Minor Victim 1. The video was filmed in a room at Minor Victim's home in the Southern District of Indiana using a cellular phone.

26. Minor Victim 1 told her mother that the male in the video was named "Shane".

27. The complainant gave consent for law enforcement to examine the cellular phone.

28. Det. Grant Melton of the Indianapolis Metropolitan Police Department digital forensic unit conducted a forensic examination of Minor Victim 1's cell phone. The phone contained text messages that included communications between Minor Victim 1 and an adult male.

29. One message included the following statement by Minor Victim 1: "I'll do anything to make it up to you. Please stop!", "No.. Take me back. Beat me. Do anything. Don't come I've there *here."

30. Det. Melton's examination showed an SMS message thread between Minor Victim 1 and a person using the number 765-631-1563 (person using the target number). During the conversation late on June 1 continuing in the early hours of June, 2 2016, the person using the target number threatened that he is going to call the mother of Minor Victim 1 or come to her residence and tell her everything.

31. Minor Victim 1 begged him not to call her mother and promised to do anything the person using the target number wanted to do, saying, ""I'll do

anything to make it up to you. Please stop!", "No.. Take me back. Beat me. Do anything. Don't come I've there *here". "I'll take the pain, I'll obey. Just don't get me in trouble please.."

32. The person using the target number stated "and when I get there guess what...ur gonna get ur ass beat then fucked"

33. As the person using the target number drove to the residence, he asked: "remember what to do before I sneak in right". Minor victim 1 responded, "Yes, set up my phone?".

34. The person using the target number responded "yea facing the couch and hit record before i come in and be wearing what I asked u to" and "ok go ahead set up ur phone make sure it's at a good Angle. hit record and come to the widow".

35. Minor Victim 1responded "Okay" on June 2, 2016 at 12:48:22 hrs (UTC-4).

36. On June 2, 2016, at 12:49:00hrs (UTC -4), the cellular phone of Minor Victim 1 recorded a video for 41 minutes and 31 seconds.

37. This affiant reviewed the video and observed an adult male engaging in multiple sex acts with Minor Victim 1, including oral and vaginal intercourse. Both persons are readily identifiable.

38. On June 2, 2016, the person using the target number sent a sms message that read, "shaneduffy4@gmail.com" and asked "did you send it". This message was sent after the video noted above was produced.  Minor

Victim 1 responded: "This is stupid... If I'm gonna email this to you I'd have to send you like 5 clips because it's too long".

39. The person using the target number then stated: "just send em in clips then" and" I wanted to watch before bed".

40. A few minutes later, Minor Victim 1 sent 5 emails with attachments to the email address "shaneduffy4@gmail.com".

41. During a later interview with law enforcement, Minor Victim 1 stated that she sent the video of herself and "Shane" engaged in sexually explicit conduct to an email address he provided her. These were sent in multiple emails. She sent this video at his request. She stated that the main video was split into separate parts to make it small enough to send through email attachments.

42. Minor victim 1 identified "Shane" from a photo array.

43. "Shane" is identified as **Joshua Shane Duffy** with a DOB in 1986.

44. Open source images of Josh (Shane) Duffy show multiple tattoo's that match the tattoos of the adult male in the above-described video.

45. This affiant believes that the facial images from the BMV and open source records are the same person, Joshua Shane Duffy, as the male in the above-described video.

46. This affiant learned from another law enforcement officer that Joshua Shane Duffy presently resides at 468 Washington St, lot D3 Upland, Indiana 46989.

47. The sexual activity in the video between Duffy and Minor Victim 1 would constitute a violation the Indiana Code provision criminalizing sexual misconduct with a minor.

48. **Minor Victim 2**: This affiant has learned of another investigation involving Joshua Shane Duffy.

49. In August, 2016, a 14-year old female (Minor Victim 2) met an adult male online, who was later identified as Joshua Shane Duffy. They met on a cellular phone application named "Whisper".

50. During a forensic interview, Minor Victim 2 disclosed the following:

51. On multiple occasions, Minor Victim 2 secretly left her home and met Duffy at his request. These meetings were arranged through communications using cellular phone applications.

52. On at least two occasions, Duffy and Minor Victim 2 engaged in sexual acts at his request.

53. Minor Victim 2 told Duffy she was 14 years old and a freshman in high school.

54. Sexual activity between Duffy and Minor Victim 2 during these meetings would constitute a violation the Indiana Code provision criminalizing sexual misconduct with a minor.

55. Minor Victim 2 stated that she used Snapchat and Kik to send unclothed pictures and videos of herself to Duffy. She did this because he asked her to do so.

56. Minor Victim 2 stated Duffy requested that she put her fingers inside herself in the videos she sent to him. Minor Victim 2 said she sent videos of herself doing this to Duffy through Snapchat. Based upon her description of the content of these videos, they would constitute a visual depiction of a minor engaging in sexually explicit conduct.

57. Minor Victim 2 stated that Duffy's online user name for Snapchat, KIK and Instagram was JoshD2411. From a photo array, Minor Victim 2 identified Joshua Shane Duffy as the person she knew as "Shane".

58. During a non-custodial interview with law enforcement, Joshua Shane Duffy indicated his whisper user name was "Deanwinters22".

59. **Duffy**: Based upon their information above, there is probable cause to believe that Duffy is a producer, recipient and collector of child pornography through his interactions and activities involving Minor Victim 1 and Minor Victim 2.

## **CONCLUSION**

60. Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that **Joshua Shane Duffy** has committed the listed offenses.

---
Darin Odier
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn before me this 2nd day of November, 2016.

---
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana